# EXHIBIT A

## (State Court documents)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

*Served*
*2/9/22*
*3:25 pm*
*D. Juders*

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

TTY
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:   **M. L. v Rivier University**
Case Number:   **226-2022-CV-00017**

Date Complaint Filed: January 13, 2022

A Complaint has been filed against Rivier University in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| March 11, 2022 | M. L. shall have this Summons and the attached Complaint served upon Rivier University by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 01, 2022 | M. L. shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Rivier University must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Rivier University:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Anna Goulet Zimmerman, ESQ | Law Office of Manning & Zimmerman PLLC 87 Middle Street Manchester NH  03101 |
| Michaila Marie Oliveira, ESQ | Law Office of Manning & Zimmerman PLLC 87 Middle St Manchester NH  03101 |
| Rivier University | 420 South Main Street Nashua NH  03060 |

BY ORDER OF THE COURT

January 25, 2022

Amy M. Feliciano
Clerk of Court

(126277)

Instructions for filing the Return of Service:
If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case". Enter 226-2022-CV-00017 and click Next.

2. When you find the case, click on the link follow the instructions on the screen. On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents. On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.

**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

January 25, 2022                                         Amy M. Feliciano
Date                                                              Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH 03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **M. L. v Rivier University**
Case Number:   **226-2022-CV-00017**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Southern District.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.
2. After you register, click Start Now. Select **Hillsborough Superior Court Southern District** as the location.
3. Select "I am filing into an existing case". Enter **226-2022-CV-00017** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 1/13/2022 3:54 PM
Hillsborough Superior Court Southern District
E-Filed Document

### STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**          **SUPERIOR COURT**
**SOUTHERN DISTRICT**          226-2022-CV-00017

M.L.

v.

Rivier University

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the plaintiff, M.L., by and through her attorney, Law Office of Manning

& Zimmerman, PLLC, and sets forth this Complaint and Demand for Jury Trial, bringing the

following causes of action against the defendant, Rivier University:

### JURY TRIAL DEMAND

1.  Plaintiff demands a trial by jury on all counts.

### INTRODUCTION

2.  This is an action involving claims under Title IX of the Education Amendments of 1972,

20 U.S.C. §§ 1681-1688 (hereinafter "Title IX") and various state law causes of action, arising

out of sexual assault.

### PARTIES

3.  M.L. (hereinafter "Plaintiff") is a citizen of the Commonwealth of Massachusetts, who

currently resides in Pembroke, Massachusetts. At the time of the sexual assault in question, M.L.

was a student at Rivier University, residing in Guild Hall, an on-campus dorm.

4.  Defendant Rivier University (hereinafter "Rivier") is a private educational institution

with its primary campus in Nashua, New Hampshire. Rivier University operates as a domestic

nonprofit corporation whose principal office address is 420 South Main Street, City of Nashua,

County of Hillsborough, State of New Hampshire, 03060. Service may be obtained by serving its

1

President, Sister Paula Marie Buley, IHM, at 420 South Main Street, City of Nashua, County of

Hillsborough, State of New Hampshire, 03060.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over this matter pursuant to RSA 491:7.

6.   Venue is proper in Hillsborough County pursuant to RSA 507:9, as Defendant Rivier has

a principal place of business in Nashua, New Hampshire and the incident at issue took place in

Nahua, New Hampshire.

7.   The damages claimed are within the jurisdictional limits of the Court.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. Rivier University

8.   Defendant Rivier University is an accredited, private Catholic liberal arts university

located in Nashua, New Hampshire.

9.   Defendant Rivier has a published "Sexual Misconduct, Harassment, and Gender-Based

Violence Policies" which asserts:

> The University is committed to fostering a climate free from sexual harassment,
> sexual violence, stalking, and intimate partner violence through clear and
> effective policies; a well-coordinated and integrated education and prevention
> program; and prompt and equitable procedures for resolution of reports...[1]

10.   This policy "applies to all community members, including students, faculty, staff,

contractors, and visitors."[2]

11.   According to Rivier, Sexual Assault is prohibited and is defined as the following:

> Having or attempting to have sexual intercourse with another individual, including:

>> 1. By the use of force or threat of force:

---

[1] See Sexual Misconduct, Harassment, and Gender-Based Violence Policies.
[2] See Sexual Misconduct, Harassment, and Gender-Based Violence Policies.

2. Without effective consent; or

3. Where that individual is incapacitated or physically and/or mentally unable to make informed and reasonable judgments.

Sexual intercourse includes vaginal or anal penetration, however slight, with a body part (e.g., penis, tongue, finger, hand) or object, or oral penetration involving mouth to genital contact. [3]

12. According to Defendant Rivier, Non-Consensual Sexual Contact is prohibited and is defined as the following:

Having intentional physical contact of a sexual nature with another individual:

1. By the use of force or threat of force;

2. Without consent; or

3. Where that individual is incapacitated or physically and/or mentally unable to make informed and reasonable judgments.

Non-consensual sexual contact includes: touching the intimate parts of another; touching a person with one's own intimate parts; forcing a person to touch another's intimate parts; forcing a person to touch one's own intimate parts; or disrobing or exposure of another without permission. Intimate parts may include the breasts or chest, genitals, buttocks, groin, mouth or any other part of the body that is touched in a sexual manner, or the clothing covering the same. [4]

**B. Plaintiff is accepted to and enrolls at Rivier and begins living on campus.**

13. Plaintiff is a young, female student who entered Rivier as a nineteen-year-old freshman.

---

[3] See Sexual Misconduct, Harassment, and Gender-Based Violence Policies.
[4] See Sexual Misconduct, Harassment, and Gender-Based Violence Policies.

14. Plaintiff chose Rivier, in part, due to the feeling of safety she felt on the campus, which was reinforced by the close supervision and emphasis on safety when she visited over the summer before starting school.

15. On September 2, 2019, Plaintiff moved into her dormitory located in Guild Hall at Rivier.

16. Guild Hall is home to most first year students at Rivier. Guild Hall is staffed with a hall director and is supposed to have five to six resident assistants.[5]

17. Per Defendant Rivier's campus security policies, "[s]tudents and their guests must adhere to University procedures regarding residence hall access. Desk attendants are assigned in each of the residence halls to monitor the entrance of residents and their guests."[6]

18. Furthermore, doors to the residence halls are locked 24 hours a day unless opened for special programs or functions. The front and back doors to the halls are accessible with a resident student ID card until 11:00 p.m. each night. At 11:00 p.m. alarms are activated on all doors, except the main entrance. All guests must either sign in as overnight visitors or vacate the halls at 11:00 p.m.[7]

19. Per Rivier's Student Handbook, guests are to be signed in and out at the front desk. All guests are expected to leave a driver's license or student ID at the desk when signing in.[8]

20. Furthermore, per the Handbook, guests must be escorted in and out of the residence halls and at all times during their visit.[9]

---

[5] See https://www.rivier.edu/student-life/housing/residence-halls/
[6] See https://www.rivier.edu/student-life/public-safety/campus-security/
[7] See Student Handbook.
[8] See Student Handbook.
[9] See Student Handbook.

## C. The Sexual Assault

21. On September 7, 2019, just five days after arriving on campus, Plaintiff attended a party at Brassard Hall, another residence hall at Rivier.

22. Brassard Hall was known for being the location where on-campus parties were hosted as it was a suite-style dorm.

23. Upon arriving at Brassard Hall, Plaintiff checked in with the resident assistant stationed at the entrance to the residence hall.

24. Plaintiff checked in at the same time multiple other students were doing the same.

25. While the party was not hosted by the school, upon information and belief, it was obvious to school personnel that students, including underage students, were consuming alcohol at the party in a Rivier residence hall.

26. Plaintiff consumed a beverage containing vodka prior to the party and another while at the party. It is not known whether any additional substances were put into her drink at the party.

27. Sometime around 11:30 p.m., Plaintiff left the party and traveled back to her dorm in Guild Hall.

28. Plaintiff was under the influence and/or intoxicated when she left the party and has no memory of the walk back to dorm.

29. While Plaintiff does not remember walking back to her dorm with anyone from the party, but she has since learned that a guest visiting the school left the party and walked with her to her dorm.

30. Although she has no recollection of doing so, Plaintiff knows from video of the entrance to Guild Hall that she used her passkey to enter the residence hall.

5

31. Despite the school's campus security policy, there was no desk attendant at the entrance of Guild Hall, and no one checked the ID of the Plaintiff or the man who entered the residence hall at the same time she entered.

32. Plaintiff later learned the identity of the man, and that he was a guest at the college who had been visiting a friend who attended Rivier.

33. Despite Rivier's rule that guests "must be escorted in and out of the residence halls and at all times during their visit," the man was allowed to leave the party without his host and entered a different residence hall than the one he had checked into.

34. Has there been a desk attendant the attendant would have asked for the identification of the man, who was supposed to have stayed with the friend with whom he had registered earlier in the night, and the man would have been turned away in the lobby.

35. A properly trained guest attendant would also have recognized that Plaintiff was intoxicated/under the influence, and in need of assistance.

36. Instead, Plaintiff walked through the lobby without encountering any staff, returned to her dorm and entered the room.

37. Plaintiff's first recollection of events was being in her room with a man who was pushing her down and sexually assaulting her.

38. Plaintiff has since learned that it was the male from the party when entered her dorm at or about the same time she did.

39. The man from the party put his hands on Plaintiff's neck, and forcibly raped her. When the man tried to turn Plaintiff over to penetrate her anally, she was able to get free from him and he left the room.

40. As a result of the sexual assault suffered, M.L. received injuries as set forth *infra*, all within the jurisdictional limits of this court.

## LEGAL CLAIMS OF LIABILITY

### COUNT I
### (Violation of Title IX-20 U.S.C. § 1681 (a)- On Campus Sexual Assault)

41. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

42. Rivier failed to follow its own safety policies which stated resident assistants would be posted at each residence hall to check identification and only allow residents or approved visitors into the halls after 11 p.m., and Rivier failed to prevent underage individuals from consuming alcohol on campus.

43. As a direct and proximate result of Rivier's failure to follow its own policies, Plaintiff was sexually assaulted in her dorm room.

44. The effects of the sexual assault caused significant trauma and forced Plaintiff to withdraw from the school and effectively barred Plaintiff's access to equal educational opportunities and benefits.

45. Had Defendant Rivier complied with its own policies and the law and provided reasonable accommodations for Plaintiff's safety, Plaintiff would not have been deprived of equal educational opportunities.

46. Because of Defendant Rivier's deliberate indifference, Plaintiff has suffered losses of educational opportunities and benefits along with injuries, damages and losses, including, but not limited to physical injuries, emotional distress, fear, anxiety and trauma, damage to and delays in pursuit of higher education, as more fully described, *infra*.

7

## COUNT II
### (Negligence)

47. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

48. Per Rivier policy, "[r]esidence hall security is a cooperative effort between the Department of Public Safety and Security and Student Life and Housing Services. Members of the Student Life and Housing Services, who live in the residence halls and are on call 24 hours a day, receive thorough training in the enforcement of residence hall safety and security policies. Students and their guests must adhere to University procedures regarding residence hall access. Desk attendants are assigned in each of the residence halls to monitor the entrance of residents and their guests"[1]

49. The employees and staff of Rivier's Department of Public Safety and Security failed to properly train the members of the Student Life and Housing Services in the enforcement of residence hall safety and security policies.

50. Upon information and belief, on the night Plaintiff was raped, there was no one assigned as a desk attendant at Guild Hall and/or the desk attendant was not present to check students or guests into the building.

51. This allowed students and unknown guests to enter the residence hall at all hours without being monitored.

52. As a direct and proximate result of the failure to properly train members of the Student Life and Housing Services as desk attendants, a guest that was previously unknown to Plaintiff entered Guild Hall unchecked and sexually assaulted Plaintiff in her dorm room.

53. Because of the failure to properly train desk attendants, Plaintiff has suffered losses of educational opportunities and benefits along with injuries, damages and losses, including, but not

---

[1] See https://www.rivier.edu/student-life/public-safety/campus-security/

8

limited to physical injuries, emotional distress, fear, anxiety and trauma, damage to and delays in pursuit of higher education, as more fully described, *infra*.

## COUNT III
### (Vicarious Liability)

54. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

55. Rivier is vicariously liable for the negligence, reckless and/or criminal conduct of its employees, agents, and contractors under the doctrine of respondeat superior.

56. Rivier is vicariously liable under the doctrine of respondeat superior for all acts or failures to act committed by their employees, agents and contractors within the scope of employment, including, but not limited to, the acts of those working within the Department of Public Safety and within Security and other individuals involved in establishing and enforcing policies; and those individuals responsible for the staffing, hiring, training, and supervising of desk attendants and other members of the Student Life and Housing Services who are responsible for monitoring residence halls to ensure the safety of students.

57. As a direct and proximate result of the failures of the employees, agents and contractors of Rivier, Plaintiff has suffered losses of educational opportunities and benefits along with injuries, damages and losses, including, but not limited to physical injuries, emotional distress, fear, anxiety and trauma, damage to and delays in pursuit of higher education, as more fully described, *infra*.

## COUNT IV
### (Breach of Contract against Defendant Rivier)

58. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

59. Plaintiff has contracts for housing with Rivier, and accordingly Rivier owed certain contractual duties to Plaintiff.

9

60. These duties included duties to actively enforce all guidelines pertaining to the Rivier University Visitation Policy.

61. These contractual duties are both express and implied under New Hampshire Law.

62. For all the reasons set forth in this Complaint, Defendant Rivier breached these duties to Plaintiff.

63. As a direct and proximate result of these breaches of contract, Plaintiff has suffered losses of educational opportunities and benefits along with injuries, damages and losses, including, but not limited to physical injuries, emotional distress, fear, anxiety and trauma, damage to and delays in pursuit of higher education, as more fully described, *infra*.

**COUNT V**

**(Breach of Fiduciary Duty against Defendant Rivier)**

64. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

65. While Plaintiff was living in a residence hall which was under the supervision, authority and control of Rivier, Rivier owed to her the fiduciary duties described by the New Hampshire Supreme Court in the case of *Schneider v. Plymouth State College*, 144 NH 458 (1999).

66. Rivier owed a fiduciary duty to Plaintiff as she relied upon Defendants to provide adequate services and a safe living environment for her.

67. As a direct and proximate result of Defendants' breach of fiduciary duty as described herein, Plaintiff has suffered losses of educational opportunities and benefits along with injuries, damages and losses, including, but not limited to physical injuries, emotional distress, fear, anxiety and trauma, damage to and delays in pursuit of higher education, as more fully described, *infra*.

## ADDITIONAL COUNTS

68.  Plaintiff specifically reserves the right to amend and add to the allegations contained in this Count as discovery progresses in this case.

## INJURIES AND DAMAGES

69. As a direct and proximate result of the acts and omissions of Defendants as stated herein, Plaintiff suffered physical and emotional harm, past, present and future, physical and mental pain and suffering, economic losses, loss of enjoyment of life, permanent injury, and other compensatory damages as allowed under New Hampshire law.

70. Specifically, and without limitation, Plaintiff suffered the following injuries and harm as a result of the sexual assault she suffered due to the acts and omissions of Defendants: trauma, shame, guilt, embarrassment, rejection, fear, anxiety, isolation, loss of self-esteem and self-confidence, depression, post-traumatic stress, pseudo seizures caused by trauma, struggles with school, loss of ability to trust, loss of enjoyment of life, and other pecuniary and consequential damages.

71. These damages include economic losses including payment for medical and mental health treatment, and the need to seek alternative means of transportation due to the pseudo seizures suffered.

72. Accordingly, Plaintiff seeks judgment against Defendants in an amount within the jurisdictional limits of this Court, together with costs, interest, and attorney's fees.

WHEREFORE, Plaintiff prays judgement against Rivier in an amount that is to be determined by a jury to be just and appropriate to compensate her for her mental and physical injuries and other damages, together with interest and costs.

11

Respectfully Submitted,
M.L.

By and through her attorneys,

Law Office of Manning and Zimmerman, PLLC

Dated: January 13, 2022                    /s/ *Anna Goulet Zimmerman*_____
                                           Anna Goulet Zimmerman, Esq.
                                           NH Bar No.: 18407
                                           87 Middle Street Manchester, NH 03038
                                           (603)624-7200
                                           Anna@MZLawNH.com

                                           Law Office of Manning and Zimmerman, PLLC

Dated: January 13, 2022                    /s/ *Michaila Oliveira*_____
                                           Michaila Oliveira, Esq.
                                           NH Bar No.: 268038
                                           87 Middle Street Manchester, NH 03038
                                           (603)624-7200
                                           Michaila@MZLawNH.com

Filed
File Date: 1/13/2022 3:54 PM
Hillsborough Superior Court Southern District
E-Filed Document

## STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                                        **SUPERIOR COURT**
**SOUTHERN DISTRICT**

M.L.

v.

Rivier University

226-2022-CV-00017

DOCKET NO:_____

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER INITIALS

NOW COMES the Plaintiff, M.L., by and through her attorneys, Law Office of Manning & Zimmerman, PLLC, and hereby move for leave to proceed under initials, and in support thereof state as follows:

1.      The Plaintiff is filing, simultaneously with this Motion, a Civil Complaint and Demand for Jury Trial relating to injuries sustained by M.L. on September 7, 2019, as a result of sexual assault by a visitor to the Defendant's premises and the actions, or lack thereof, by the Defendant which allowed this assault to occur.

2.      Plaintiff brings this action seeking relief for the severe and permanent harm that has resulted to M.L. because of the conduct of Defendant which resulted in the sexual assault. Plaintiff merely seeks, as a victim of sexual assault, to protect her identity from the public record.

3.      Civil litigation cases are open to viewing by any individual as well as news media outlets.

4.      In the event the incidents occurring in Plaintiff's Complaint are made public, it could lead to unnecessary public embarrassment.

Clerk's Notice of Decision
Document Sent to Parties
on   01/25/2022
This is a Service Document For Case: 226-2022-CV-00017
Hillsborough Superior Court Southern District
1/25/2022 2:21 PM

Granted

Honorable Charles S. Temple
January 21, 2022

5.     Upon information and belief, Defendant knows M.L.'s identity and will not, from a litigation standpoint, be adversely impacted by Plaintiff's use of initials; thus, there is no procedural unfairness amounting to potential infringement of their constitutional rights.

6.     While there is always some level of public interest in open access to legal proceedings, in this case, there is a stronger countervailing public interest in keep the Plaintiff anonymous. The public has strong interest in preventing the stigmatization of victims of sexual assault or other sexual misconduct. The public also has a strong interest in removing deterrents to victims of sexual assaults from exercising their rights.

7.     The public interest in learning M.L.'s identity is not atypically weighty in the present case; M.L. is a private citizen seeking to litigate private and highly sensitive issues, not a public official from whom the public possesses a heightened interest. Further the proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation.

**WHEREFORE**, the Plaintiff M.L. respectfully request that this Honorable Court:

A.     Grant this Motion and allow Plaintiff to proceed with her civil action under initials; and

B.     Grant such other and further relief as may be equitable and just.

Respectfully Submitted,
M.L.

By and through her attorneys,
Law Office of Manning and Zimmerman, PLLC

Dated: January 13, 2022          /s/ *Anna Goulet Zimmerman*
Anna Goulet Zimmerman, Esq.
NH Bar No.: 18407
87 Middle Street Manchester, NH 03038
(603)624-7200
Anna@MZLawNH.com

- 2 -

Law Office of Manning and Zimmerman, PLLC

Dated: January 13, 2022           /s/ *Michaila Oliveira*
                                          Michaila Oliveira, Esq.
                                          NH Bar No.: 268038
                                          87 Middle Street Manchester, NH 03038
                                          (603)624-7200
                                          Michaila@MZLawNH.com

- 3 -

STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                             SUPERIOR COURT
SOUTHERN DISTRICT

Tracy Bishop Hart

v.

Wallace P. Bishop, Jr.

Case No.: 226-2022-CV-00031

## ACCEPTANCE AND WAIVER OF SERVICE

I, J. Daniel Marr, Esq., on behalf of my client, Wallace P. Bishop, Jr., hereby

certify that I consent to accept service and waive formal sheriff's service of process of the

(i) Summons in a Civil Action, (ii) Complaint, and (iii) Appearance of Attorney

Benjamin T. Siracusa Hillman, while waiving no jurisdictional or other defenses

available.

Dated: _2/16/22_                         _____
                                          J. Daniel Marr, Esq.